othy J. Hunter, Amir Azizi, Andrew Jaminski, Robert A. Rafael

Hatty Yip, Office of the U.S. Trustee, Los Angeles, CA, for Trustee

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM [**]

Peli Popovich Hunt appeals pro se from the district court's order affirming the bankruptcy court's order granting the chapter 7 trustee's motion to sell real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court had jurisdiction to approve the sale of the real property because an order approving the sale of estate property is enumerated as a core bankruptcy proceeding that bankruptcy judges are empowered to hear and determine. *See* 11 U.S.C. § 157(b). Hunt's interest in the property became property of the bankruptcy estate upon the filing of her bankruptcy petition. *See* 11 U.S.C. § 541(a)(1); *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (all legal or equitable interests of a debtor in property become property of the bankruptcy estate upon the commencement of a bankruptcy case).

Contrary to Hunt's contention, the trustee's motion was timely noticed. Hunt was not entitled to the additional three days provided by Fed. R. Bankr. P. 9006(f) because the deadline to oppose the trustee's motion was fixed by the scheduled hearing date, and not the date of service. *See*

[**] This disposition is not appropriate for publication and is not precedent except as provid-

Bankr. C.D. Cal. R. 9013-1(f) (setting a party's deadline to oppose a noticed motion).

To the extent Hunt challenges the bankruptcy court's order as the representative of a separate legal entity, the appeal is dismissed because "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject Hunt's contentions that the bankruptcy court and district court demonstrated bias.

All pending motions are denied.

**AFFIRMED.**

**IN RE: Peli Popovich HUNT, Debtor.**

ed by Ninth Circuit Rule 36-3.

591

Peli Popovich Hunt, Appellant,

v.

Daniel A. Capen, M.D.;
et al., Appellees.

No. 14-55845

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2017 *

Filed July 5, 2017

Peli Popovich Hunt, Pro Se

Paul R. Pearlson, Esquire, Cameron & Pearlson, Long Beach, CA, for Appellees Daniel A. Capen, Amir Azizi, Timothy J. Hunter, Khiem D. Dao, Howard J. Marans, Maryam Azizi, Robert A. Rafael

Daniel A. Lev, Esquire, Bankruptcy Counsel, SulmeyerKupetz, Los Angeles, CA, for Appellee Elissa D. Miller

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Chapter 7 debtor Peli Popovich Hunt appeals pro se from the district court's order affirming the bankruptcy court's order converting Hunt's chapter 11 bankruptcy proceeding to a chapter 7 proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We affirm.

In the opening brief, Hunt fails to address how the bankruptcy court erred in converting Hunt's bankruptcy case. As a result, Hunt has waived her challenge to the bankruptcy court's order. *See Smith v.*

Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

We reject as meritless Hunt's contentions that the district court and bankruptcy court lacked jurisdiction and demonstrated bias.

All pending motions are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.